## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CORLA JACKSON** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:20-cv-355-HSO-RHWR** |
| | § | |
| **SIEGEL GROUP LLC**; **JASON** | § | |
| **WEBER; SIEGEL GROUP** | § | |
| **NEVADA, INC.; STEPHEN** | § | |
| **SIEGEL; IMAGINATION** | § | |
| **HOLDINGS, LLC; 3491 DOLPHIN** | § | |
| **GAUTIER HOLDINGS, LLC; and** | § | |
| **SIEGEL GROUP** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [24] TO RECONSIDER FINAL JUDGMENT OF DISMISSAL

BEFORE THE COURT is Plaintiff Corla Jackson's Motion [24] to Reconsider the Court's Final Judgment of Dismissal [23]. After due consideration of the Motion [24], the record in this case, and relevant legal authority, the Court finds that Plaintiff Corla Jackson's Motion [24] to Reconsider should be denied.

## I. BACKGROUND

On February 25, 2022, the Court entered an Order [22]: (1) granting Defendants 3491 Dolphin Gautier Holdings, LLC, Stephen Siegel, Siegel Group Nevada, Inc., and Imagination Holdings, LLC's ("Siegel Defendants") Motion [16] to Set Aside Entries of Default; (2) granting in part Defendant Jason Weber's Motion [9] to Dismiss and Siegel Defendants' Motion [16] to Dismiss (collectively "Defendants"), and dismissing Plaintiff Corla Jackson's ("Plaintiff" or "Jackson") federal law claims against them with prejudice; and (3) declining to exercise

supplemental jurisdiction over Jackson's state-law claims and dismissing them without prejudice. Order [22] at 28-29.

The Court set aside the Clerk's Entry of Default [15] as to Siegel Defendants after finding that their defaults were not willful, that Jackson would not be prejudiced by setting them aside, and that Siegel Defendants had a meritorious defense to Jackson's claims. *Id*. at 6-13. Next, the Court found that Jackson's Amended Complaint [5] failed to state a claim for relief under federal law, *id*. at 13-23, and then, based on its evaluation of the factors set forth at 28 U.S.C. § 1367(c), the Court declined to exercise supplemental jurisdiction over Jackson's state-law claims, *id*. at 23-25. Finally, the Court found that Jackson's Responses [18][20] to Defendants' Motions [9][16], when construed as motions to amend, were futile because her proposed new federal claims failed to state a claim and the Court lacked subject-matter jurisdiction over her proposed state-law claims. *Id*. at 26-28.

On March 3, 2022, six days after entry of Final Judgment [23], Jackson filed a Motion [24] to Reconsider under Federal Rules of Civil Procedure 60(b) and 60(d). Mot. [24] at 1. Jackson argues that Siegel Defendants were properly served by the United States Marshals Service, because the Summons [8] was delivered to the "[r]egistered [a]gent [a]ddress . . . listed with the Secretary [o]f State in both States" and to "a person of suitable age and discretion" at this address. *Id*. at 2, 5 (internal quotation marks omitted). Jackson further argues, without citation to case law, that this Court has federal question, diversity, and supplemental jurisdiction over her claims, *id*. at 1, 8, and that she "[s]tated [m]ultiple [c]laims [i]n [h]er [m]otion," *id*.

at 6. Jackson also continues to assert that Defendants violated state and federal laws in their operation of the extended stay hotel at 3491 Dolphin Drive, Gautier, Mississippi. *Id.* at 7-10.

Defendants have filed a Response [25] in Opposition, contending that Jackson's Motion [24] should be denied because she has neither identified a manifest error of law or fact nor offered any newly discovered evidence. Resp. [25] at 5-6. Defendants also note that Jackson's Motion [24] merely reurges her arguments that service of process was effective and makes various allegations that Defendants violated state and federal laws. *Id.*

On April 4, 2022, Jackson filed a Notice of Appeal [27], seeking review of this Court's Final Judgment [23]. In the Notice of Appeal [27], Jackson recognizes that "[t]he [f]inal [o]rder is pending (sic) a Motion to Reconsider," but explains that she is filing this appeal to "protect this (sic) complaint through the courts and more." Notice of Appeal [27] at 2.

## II.  DISCUSSION

### A.   The Court's jurisdiction to resolve the Motion [24] to Reconsider

In general, "the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). However, the court of appeals "can take an appeal only from a final decision of a district court." *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 867 (5th Cir. 2002). Despite entry of the Final Judgment [23], the Court is not "entirely

finished" with this case because Jackson timely filed a motion to reconsider which rendered "the underlying judgment nonfinal" until the Court "disposes of that post-judgment motion." *Id*. at 867-68 (citations omitted).

This principle is reflected in Federal Rule of Appellate Procedure 4(a)(4), which provides that the time to file an appeal only begins to run once the district court has ruled on certain post judgment motions, including motions to reconsider. *See* Fed. R. App. P. 4(a)(4)(A); *Simmons*, 310 F.3d at 868. A notice of appeal filed before the court "disposes of any motion listed in Rule 4(a)(4)(A) . . . becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). As such, in the Fifth Circuit "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).

The motions listed in Rule 4(a)(4)(A) include a motion "for relief under Rule 60 if the motion is filed no later than [twenty-eight] days after the judgment is entered," as well as a motion "to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A). Jackson filed her Motion [24] to Reconsider six days after the entry of Final Judgment [23], and as such whether it is construed as a motion under Rule 59(e) or under Rule 60(b) the Court retains jurisdiction to resolve it despite the Notice of Appeal [27].

B.     Jackson's Motion [24] to Reconsider

A motion asking a court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief

4

from a final judgment, order, or proceeding" under Rule 60(b), depending on when the motion was filed. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). A motion to alter or amend judgment under Rule 59(e) must be filed "no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). Although Jackson filed her Motion [24] under Rule 60(b), she did so six days after Final Judgment [23] was entered, meaning that Rule 59(e) controls. *See Demahy*, 702 F.3d at 182 n.2; *McGee v. Citi Mortgage, Inc.*, 680 F. App'x 287, 290 (5th Cir. 2017).

A motion under Rule 59(e) "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A court may amend a judgment "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Demahy*, 702 F.3d at 182)). The Fifth Circuit has cautioned that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).

Jackson makes no argument that there has been an intervening change in controlling law. *See generally* Mot. [24]. She has attached nine exhibits to her Motion [24], which in the aggregate consist of: (1) copies of laws; (2) screenshots from the Mississippi Secretary of State's website; (3) letters from Congress to Defendant Stephen Siegel; (4) a letter from the Federal Trade Commission on the

5

CDC eviction moratorium; (5) a rental agreement substitute; and (6) documents in the record. Ex. 1-9 [24]. The Court finds that these exhibits would not affect the outcome of the case and in the exercise of diligence could have been discovered prior to the Court entering its Order [22]. *See Johnson v. Diversicare Afton Oaks, L.L.C.*, 597 F.3d 673, 677 (5th Cir. 2010) (recognizing that a motion to reconsider based on newly discovered evidence should only be granted if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.") (quoting *Infusion Res., Inc. v. Minimed, Inc.,* 351 F.3d 688, 696–97 (5th Cir. 2003)).

Jackson does contend that the Court erred in finding that Siegel Defendants were not properly served, and, in light of Jackson's pro se status, the Court construes this an argument that the Court committed a manifest error of law. Mot. [24] at 2-5. "Manifest error" is generally defined as one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas– Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir. 2004)) (applying this definition to an evidentiary issue); *see also Walker v. HongHua America, L.L.C.*, No. 4:12-cv-00134, 2012 WL 1898892, at *1 (S.D. Tex. May 23, 2012) (applying this definition to a Rule 59(e) motion); *Burbridge v. CitiMortgage, Inc.*, No. 4:19-CV-647, 2021 WL 2343256, at *2 (E.D. Tex. Mar. 17, 2021) (same).

Liberally construing Jackson's arguments, the Court is satisfied that its

Final Judgment [23] does not contain a manifest error of law. Even if the non-individual Siegel Defendants were properly served in accordance with Rule 4(h) as Jackson argues,[1] Mot. [24] at 2-5, this fact would not alter the Court's ultimate conclusion that Siegel Defendants' defaults were not willful and that the Clerk's Entries of Default [15] should be set aside.

The Fifth Circuit has held that a defendant's failure to respond to a summons was not willful where the defendant failed to answer due to a mistaken assumption that service was improper. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292-293 (5th Cir. 2000) (finding that "there is nothing in the record to indicate that [defendant's] failure to respond was willful" where the defendant mistakenly believed service was improper); *see also Harvest Nat. Res., Inc. v. Ramirez Carreno*, No. H-18-483, 2020 WL 3063940, at *18 (S.D. Tex. June 9, 2020) (finding that defendant's "default was not willful because he believed service was inadequate"). Here, assuming service was proper as Jackson argues, Siegel Defendants' Motion

---

[1] Jackson argues that the non-individual Defendants were properly served under Nevada Revised Statutes § 14.020(2). Mot. [24] at 3, 5. This statute supplements Nevada Rule of Civil Procedure 4.2(c)(1)(A)(i), which allows for service on an entity or association by delivering a copy of the summons and complaint to the registered agent, and explains that service may be made on the registered agent "personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State." NEV. REV. STAT. § 14.020(2); *see Accuprobe, Inc. v. Earth Search Scis., Inc.*, 1:18-cv-11871-MKV, 2022 WL 595742, at *4 (S.D. N.Y. Feb. 28, 2022) (recognizing the same). Here, the Summons [8] was served on Leticia Cervantes-Nevar, a person of suitable age and discretion, at the addressed listed on the Nevada Secretary of State's website for each non-individual Siegel Defendants' registered agent. *See* Summons [8] at 8-9, 13-18; Ex. 1 [16-1] at 1-6. As such, and contrary to the Court's finding in its Order [22], the non-individual Siegel Defendants were properly served. *See* Fed. R. Civ. Pro. 4(h) (authorizing service in accordance with state law). Nonetheless, the Court's finding that the Clerk's Entry of Default [15] as to the non-individual Siegel Defendants should be set aside would not change even if the non-individual Siegel Defendants were properly served and thus, this issue is insufficient to warrant the "extraordinary remedy" of reconsidering a judgment. *Templet*, 367 F.3d at 479.

[16] to Quash Service of Process reflects that they mistakenly believed that service was improper. *See* Mem. [17] at 3-5 (arguing that service was improper). Moreover, this is not a case where Siegel Defendants "'cho[ose] to play games' with the . . . court by failing to act on the litigation." *Lacy*, 227 F.3d at 292 (quoting *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). Instead, Siegel Defendants acted within eight days of the Clerk's Entry of Default [15] by filing their Motion [16].

Thus, the Court finds that even if the non-individual Siegel Defendants were properly served, their defaults were not willful, which, in addition to the Court's findings that Jackson would not be prejudiced by setting aside the defaults and that Defendants had a meritorious defense to Jackson's claims, support the Court's conclusion that it did not commit a manifest error of law in setting aside the Clerk's Entry of Default [15]. *See Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (explaining that these factors are to be considered in determining whether there is good cause to set aside an entry of default).

Jackson also argues, as she did in her Responses [18][20] in Opposition, that Defendants violated state and federal laws including "[s]ecurities [l]aws, [t]ax laws, [Consumer Financial Protection Bureau], [Federal Trade Commission]," as well as the Racketeer Influenced and Corrupt Organizations Act, False Claims Act, and Securities Exchange Act of 1934. Mot. [16] at 6-10; *see also* Resp. [18] at 13-24 (raising claims under these laws); Resp. [20] at 15-26 (same). The Fifth Circuit has held that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of

judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). On the issue of Defendants' purported liability for the operation of the extended stay hotel, Jackson's present Motion [24] rehashes legal theories and arguments that this Court has considered and rejected. *See* Mot. [16] at 6-10. As such, these renewed arguments are insufficient to alter or amend the Final Judgment [23].

In sum, Jackson has not shown an intervening change in law, newly discovered evidence that was previously unavailable, or that the Court committed a manifest error of law or fact. Jackson's Motion [24] to Reconsider should be denied.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.[2]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Corla Jackson's Motion [24] to Reconsider is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2] Jackson asserts, without argument or citation to any case law, that the Court has subject-matter jurisdiction over her claims under federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367. Mot. [24] at 1, 8. Jackson has not pointed to any intervening change in law, presented any newly discovered evidence, or otherwise shown that there was a manifest error of law or fact which would entitle her to reconsideration of the Final Judgment [23] on the issue of subject-matter jurisdiction. As such, her conclusory assertions are unavailing.